## LUCE *v.* KNOWLTON.

*(City Court of New York, General Term.* October 15, 1891.)

DEPOSITION—USE BY ADVERSE PARTY—HARMLESS ERROR.

Though it is error to refuse to allow plaintiff to read in evidence on his own behalf a deposition taken at defendant's instance, it is of no avail for a reversal of the court's ruling dismissing the complaint where such deposition contains no evidence to sustain plaintiff's case.

Appeal from trial term.

Action by Alfred C. Luce against Thomas A. Knowlton.   From judgment and "order denying new trial upon the minutes of the trial and the testimony

of William H. Frost, taken before John L. Brown, Esq., referee," plaintiff appeals.

Argued before VAN WYCK and NEWBURGHER, JJ.

*Morrison & Kennedy,* for appellant. *Kneeland, Stewart & Epstein,* for respondent.

VAN WYCK, J. The complaint alleges an agreement made between March 26th and April 7th by defendant to deliver to plaintiff at New York 100 car-loads of ice as soon as cars could be furnished for the same, for $3.25 per ton, and that said cars have at all times been ready to receive said ice, but that defendant failed to so deliver any part thereof except 36 car-loads of 18 tons each, to plaintiff's damage of $2,000. The answer puts at issue all these allegations except the delivery of the 36 car-loads, and sets forth a counter-claim for $22.10; and the reply makes no denial, but sets up new matter as a defense to the counter-claim. The plaintiff failed to clearly prove the contract as alleged, and totally failed to prove that any cars were ready or obtainable for the shipment of any ice other than the 36 car-loads received by him; and, furthermore, the defendant, who was called on behalf of plaintiff, testified that he did not receive any cars at any time for the shipment of ice, except what he sent to plaintiff; that there were some cars ready for him, but they were not eligible for the route designated by plaintiff, and that he might have cars sent by other routes, but not by the route designated by plaintiff. The plaintiff's counsel offered to read the deposition of William H. Frost, to which defendant's counsel objected "upon the ground that it is taken by the defendant's attorney, and at the instance of the defendant, and is not binding," which objection was sustained, and exception taken by plaintiff. The plaintiff's case being closed, the motion of defendant to dismiss the complaint was granted, and judgment directed in favor of defendant for $22.10, the amount of the counter-claim, which had not been denied by the reply, and plaintiff not having offered any evidence as to his affirmative defense to the same. The refusal to allow the plaintiff to read the deposition to William H. Frost was error, for the testimony of a witness taken at the instance of one party to an action can be read on the trial by the other party. The defendant consented that this deposition should be considered by the court upon a motion for a new trial, and the order denying a new trial recites that it was upon the minutes, and this testimony denied. Whether or not this consent and recital would be such a waiver as to cure the error in refusing to allow it to be read on the trial will be of no consequence in view of the fact that this deposition, which is a part of the case on appeal, and has been carefully examined, contains no evidence which can fill up the gap in the plaintiff's case,—that is, the failure to prove that cars were ready for or obtainable by defendant for the shipment of the ice; nor does it contain any evidence which will rebut the positive and affirmative testimony of defendant, when called on behalf of plaintiff, that no cars were ready, and that he could not obtain cars eligible for the route designated by plaintiff. The plaintiff failed to prove his case, even though this deposition is read as a part of it, and hence his complaint should be dismissed; and the direction of judgment for the counter-claim is proper, as the same was not denied, and defendant made no proof of his alleged affirmative defense to the same. Judgment and order denying new trial affirmed, with costs.